UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          CRIMINAL NO. 25-cr-20244

v.

                                  HON. SUSAN K. DECLERCQ

Miguel REYES HARO,

          Defendant.

_____/

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Jerome F. Gorgon Jr., United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Miguel REYES HARO, who is scheduled to be sentenced on August 27, 2025.

The government recommends a sentence of 7 months, the top of the applicable guideline range. The government agrees with the guidelines calculated by the U.S. Probation Department of 1-7 months (PSR, ¶ 43).

I.      PROCEDURAL BACKGROUND

Defendant was charged in criminal complaint with Unlawful Re-Entry

1

Following Removal in violation of 8 U.S.C. §1326(a). April 11, 2025, a one count Information was filed (ECF No. 10). Defendant entered his guilty plea without the benefit of a Rule 11 Plea Agreement on June 29, 2025. Defendant has been in the custody of the USMS since April 8, 2025.

II.     FACTUAL BACKGROUND

Defendant is a 37-year-old native and citizen of Mexico. He was first encountered by immigration authorities in April 2019 and was ordered removed by an Expedited Removal. On April 29, 2019, he was convicted of Unlawful Entry, in violation of 8 U.S.C. §1325 in New York, and was sentenced to time served. He was removed to Mexico on May 13, 2019. On July 2, 2024, Defendant was arrested by the Lincoln Park, MI, police for Dangerous Drugs – Cocaine and Methamphetamine possession and possession of a stolen vehicle. Defendant was the passenger in the vehicle which had been reported as stolen in Detroit, several days prior. During a search of Defendant's person, police officers found a bag of Methamphetamine in his pants pocket and another quantity in his wallet. They also recovered a glass pipe with burnt residue. An ICE/ERO detainer was placed upon Defendant, as a previously removed alien.

On November 5, 2024, Defendant was sentenced to 90 days' custody for the drug possession/stolen vehicle. He was released (in error) by Wayne County on

2

November 30, 2024. He was arrested by ICE on April 8, 2025, at his home. Defendant has been in USMS custody since that date.

Defendant was also recently involved in a shooting in the City of Detroit which resulted in a victim suffering a gunshot wound to the right foot. In that incident Defendant told police that after he argued with the victim, he fired a gun at the victim from his car, and eventually shot the victim in the foot/leg. Defendant is being charged with Assault with a Dangerous Weapon and Felony Firearms in state court (PSR, ¶ 31).

III.   SENTENCING CALCULATION

    A.   Statutory Maximum Sentences

    Count 1:   Unlawful Re-Entry Following Removal, in violation of 8 U.S.C. §1326(a), not more than 2 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class E felony.

    B.   Sentencing Guidelines Calculations.

Base offense Level-USSG §2L1.2     8

Acceptance of Responsibility, USSG §3E1.1(a)   -2

Criminal History
- Improper Entry, 2019 New York      +1
- Controlled Substance/Use           +2

Category II

The applicable guideline range is 1-7 months' imprisonment.

3

IV.     GOVERNMENT'S RECOMMENDATION

The government recommends that the Court impose a sentence of confinement of 7 months Such a sentence would recognize the seriousness of Defendant's offense conduct while unlawfully in the United States and would serve as a deterrent to future criminal activity.

V.      ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 7 months, the top of the guideline range calculated by the U.S. Probation Dept., appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Defendant's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

Nature and Circumstances of the Offense/History and Characteristics of Defendant

The felony offense of unlawful re-entry committed by Defendant is serious. Immigration laws have been enacted by Congress to protect the borders of the United States and its citizens. Defendant has unlawfully re-entered the United States at least two prior times. After his entry in 2019, he was convicted of Illegal Entry in Texas. He was removed, and entered the United States again, shortly after his last removal, despite prior warnings that doing so would increase the punishment imposed.

4

Defendant was raised in Mexico and reports a good childhood. His siblings and parents still reside in Mexico. He has one daughter, who resides in Canada with her mother. They intend to stay in Canada. Defendant is in good health, with no mental heath issues or prior treatment. He reports an addiction to methamphetamine- which he used prior to his arrest. Defendant has worked in the construction field while in the United States and plans to work in the same industry when he is returned to Mexico.

Although Defendant reportedly came to the United States to seek better employment and financial stability, he has done so unlawfully. He was previously convicted of an immigration offense and was returned to Mexico. His presence in the United States is unlawful. Defendant was aware that he could not return to the United States and risked a prior conviction and jail sentence in doing so.

Defendant's case differs from many of the typical re-entry cases seen by this Court because, while in the United States, Defendant has engaged in criminal activity involving dangerous drugs and possession/use of firearms (PSR, ¶ 31, 61). He has created a victim while being unlawfully present in the United States. He has recently (April 2025) made admissions concerning his possession and use of a gun. He is being charged in the state court for his conduct. His actions resulted in another person being injured and shot in the right foot (PSR, ¶63). There is a witness to the

5

event. Such violent conduct is not acceptable by United States citizens and certainly should not be accepted when engaged in by individuals who are unlawfully in the United States. Gun violence is a big enough problem between U.S. citizens and in our city now. It becomes even worse when engaged in by others who are unlawfully present in the country and are often not identifiable.

A sentence which promotes Defendant's respect for our laws is needed. A sentence which encourages deterrence is needed.  It must be impressed upon Defendant that he cannot enter the United States without obtaining the proper permission from immigration and government authorities. It also must be impressed upon him that he cannot commit other criminal acts (violent or otherwise) while in the United States. Guns and drugs in the possession of any person is dangerous.

> <u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 7 months is warranted. Any lesser sentence would not further the goals of sentencing in this matter. A sentence of 7

months is sufficient, but not greater than necessary to achieve the goals of sentencing.

VI.     <u>CONCLUSION</u>

The Probation Officer has not identified any factors to warrant a departure or variance from the applicable sentencing guideline range (PSR, ¶ 57). Likewise, the government has not identified any reason to depart or vary the sentence imposed from the guideline range. A sentence of 7 months is warranted and appropriate. Defendant will be surrendered to the ICE detainer following any term of custody imposed and will be deported to Mexico. He may also still be facing state charges for his other criminal conduct.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated: August 18, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.


    Andrew Stacer, Attorney for Defendant


                                     <u>s/Susan E. Fairchild P41908</u>
                                     Assistant United States Attorney
                                     211 W. Fort Street, Suite 2001
                                     Detroit, MI   48226
                                     Phone: (313) 226-9577
                                     E-mail: susan.fairchild@usdoj.gov